IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  07-10056-01-WEB |
| ) | |
| LANCE A. ZIMMERMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report. The court ruled orally on the objections at the sentencing hearing of July 9, 2007.  This written memorandum will supplement the court's oral ruling.

*<u>Defendant's Objection No. 1</u>* – Defendant objects to the finding in ¶ 22 that the amount of the loss (or intended loss) exceeded $200,000.  He points out the parties stipulated in the plea agreement that the proper amount of loss for guideline purposes was $41,736.  The Government stands by the stipulation in the plea agreement "that no actual loss was suffered by Learjet, Inc., the victim of defendant's crime, and the amount of intended loss to be used in calculating defendant's sentence should not exceed $41,736.00."  Doc. 10, ¶ 4(e).

Although it appears the defendant's conduct went beyond the one matter on which he pled guilty, the court will accept the plea agreement and the loss figure agreed upon by the parties. Accordingly, the defendant's objection regarding the amount of loss is sustained.  With this ruling, the Total Offense Level becomes 10, and the guideline range for imprisonment becomes 6 to 12 months under Zone B of the sentencing table.

*<u>Defendant's Objection Nos. 2 and 3</u>* – Defendant's second and third objection argue for a

downward departure or variance sentence based on the circumstances of the case. Defendant points out that under the plea agreement the Government agreed to "join defendant in his request for a downward adjustment from the applicable sentencing guideline range based on defendant's extraordinary acceptance of responsibility and the unique facts and circumstances surrounding the offense; its discovery; and, the restitution made before the prosecution's file was opened." Doc. 10, ¶ 4(d). Defendant further argues that a lesser sentence is warranted because he has exhibited "super acceptance of responsibility," he has been otherwise punished by the collateral consequences of his conviction, and society would benefit more from a probation sentence than a sentence of imprisonment.

Based on the Government's stipulation that a downward adjustment is warranted and the court's assessment of the factors in § 3553(a), the court concludes that a slight variance from the guideline range is warranted in this case. Among the other factors the court concludes the following warrant a sentence of three years' probation with no condition of intermittent confinement: the defendant's background and characteristics, including his potential to be a law-abiding and contributing member of society, his prompt acceptance of responsibility for the offense and willingness to waive indictment and plead guilty without requiring the Government to expend substantial resources upon the investigation or prosecution; and his unique acceptance of responsibility by admitting the offense and making restitution to the victim before the commencement of the prosecution. Given the combination of these factors, the court concludes that a confinement sentence would be greater than necessary to achieve the purposes of sentencing, including the protection of the public and providing just punishment for the offense. Accordingly, the defendant's objections to the PSR will be sustained, and his request for a variance sentence will

be granted.

### *Conclusion*.

Defendant's objections to the Presentence Report are SUSTAINED to the extent stated above.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this   9th   Day of July, 2007, at Wichita, Ks.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge
